B1 (Official Form 1) (4/10)

| United States Bankruptcy Court **MIDDLE** DISTRICT OF FLORIDA | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): Trailer Bridge, Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): 13-3617986 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): 10405 New Berlin Road East Jacksonville, Florida   ZIP CODE 32226 | Street Address of Joint Debtor (No. and Street, City, and State):   ZIP CODE |
| County of Residence or of the Principal Place of Business: Duval | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):   ZIP CODE | Mailing Address of Joint Debtor (if different from street address):   ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):   ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- [ ] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other Intermodal Transportation

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts

**Filing Fee** (Check one box.)

- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] |

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | **Name of Debtor(s):**<br>Trailer Bridge, Inc. |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☒   Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)          (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☒   No.

---

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

---

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

---

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

| B1 (Official Form) 1 (4/10) | Page 3 |
|---|---|
| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | **Name of Debtor(s):**<br>Trailer Bridge, Inc. |

<table>
<tr><td colspan="2" align="center"><b>Signatures</b></td></tr>
<tr>
<td><b>Signature(s) of Debtor(s) (Individual/Joint)</b></td>
<td><b>Signature of a Foreign Representative</b></td>
</tr>
</table>

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Debtor

X _____
   Signature of Joint Debtor

   _____
   Telephone Number (if not represented by attorney)

   _____
   Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
   (Signature of Foreign Representative)

   _____
   (Printed Name of Foreign Representative)

   _____
   Date

---

**Signature of Attorney\***

X  /s/ Gardner Davis    *Gregg M. Galardi*

| Signature of Attorney for Debtor(s) | |
|---|---|
| Gardner Davis | Gregg Galardi |
| Printed Name of Attorney for Debtor(s) | |
| Foley & Lardner LLP | DLA Piper LLP (US) |
| Firm Name | |
| One Independent Drive | 1251 Avenue of Americas |
| Address | |
| Suite 1300 | 27th Floor |
| Jacksonville, FL 32202 | New York, NY 10020 |
| (904) 359-2000 | (212) 335-4500 |
| Telephone Number | |
| 11/15/11 | 11/15/11 |
| Date | |

\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

   _____
   Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

---

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Authorized Individual
   Mark A. Tanner
   Printed Name of Authorized Individual
   Co-Chief Executive Officer and Chief Financial Officer
   Title of Authorized Individual
   November 16, 2011
   Date

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

B 1A (Official Form 1, Exhibit A) (9/97)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA

In re  Trailer Bridge, Inc. _____  )   Case No. 11- _____

_____Debtor_____  )

  )

  )   Chapter 11

## EXHIBIT "A" TO VOLUNTARY PETITION

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is  02-22837 _____

2. The following financial data is the latest available information and refers to the debtor's condition on October 31, 2011 _____

a. Total assets                                                        $ _____102,728,977.00___

b. Total debts (including debts listed in 2.c., below)    $ _____118,125,230.00___

c. Debt securities held by more than 500 holders:

|   |   |   |   |   | Approximate number of holders: |
|---|---|---|---|---|---|
| secured ☒ | unsecured ☒ | subordinated ☐ | $ | 82,500,000.00 | (less than 500) |
| secured ☒ | unsecured ☐ | subordinated ☐ | $ | 13,670,333.00 | (less than 500) |
| secured ☒ | unsecured ☐ | subordinated ☐ | $ | 5,912,519.73 | (less than 500) |
| secured ☒ | unsecured ☐ | subordinated ☐ | $ | 4,403,126.72 | (less than 500) |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |

d. Number of shares of preferred stock      1,000,000 authorized _____

e. Number of shares common stock      12,102,587 authorized      unknown

Comments, if any: _____

_____

_____

3. Brief description of debtor's business:  Trailer Bridge, Inc. is a marine freight transportation company that transports cargo between Continental US and Puerto Rico and the Dominican Republic as well as movement of freight within the continental U.S. when such movement complements its core business of moving freight to and from Puerto Rico and the Dominican Republic. _____

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:  Malcom P. McLean, Jr., Greggory B. Mendenhall, Nancy McLean Parker, John D. McCown, Estate of Clara L. McLean, and Irena Z. McLean.

# TRAILER BRIDGE, INC.

## BOARD OF DIRECTORS' RESOLUTIONS

### DULY ADOPTED AT A MEETING OF THE BOARD OF DIRECTORS HELD ON NOVEMBER 15, 2011

I, William G. Gotimer, Jr. Secretary of Trailer Bridge, Inc., a Delaware corporation (the "**Company**"), do hereby certify that the following is a true and correct copy of the resolutions duly adopted at a meeting of the Board of Directors of the Company (the "**Board**"), duly held on November 15, 2011, at which meeting a duly constituted quorum of the Board was present and acting throughout, and that such resolutions have not been modified, rescinded or revoked and is present in full force and effect:

WHEREAS, the Board has been evaluating and considering the reorganization of the Company's business in consultation with management and professional advisors of the Company;

WHEREAS, the Board has determined that it is desirable, fair, reasonable, and in the best interests of the Company and the Company's creditors, stockholders, and other interested parties for the Company to file a petition seeking relief under the provisions of Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**");

WHEREAS, the Board having been advised of the material terms of the proposed Debtor in Possession Term Loan and Security Agreement, by and among the Company, the financial institutions from time to time parties hereto as lenders (the "Lenders"), and Law Debenture Trust Company of New York, as Agent, (the "**DIP Credit Agreement**"), under which the Lenders would provide to the Company a junior and senior secured superpriority debtor-in-possession loan facility of **$15,000,000,** to be entered into on or about November 16, 2011; and

WHEREAS, the Board has determined that it is desirable for the Company to approve and consent to the DIP Credit Agreement and such other agreements, documents and instruments deemed necessary, appropriate or advisable to consummate the transactions contemplated by the DIP Credit Agreement (the "**DIP Loan Documents**").

Bankruptcy Resolutions

NOW, THEREFORE, BE IT

RESOLVED, that, in the judgment of the Board, it is desirable and in the best interests of the Company and its creditors, stockholders and other interested parties that the Company file a petition under Chapter 11 of the Bankruptcy Code; and it is further

RESOLVED, that the Co-Chief Executive Officer or such other person as they or the Board will designate (the "**Authorized Officers,**" and each, an "**Authorized Officer**"), are hereby authorized and instructed to cause preparation of an appropriate voluntary petition as determined by either of them under Chapter 11 of the Bankruptcy Code on behalf of the Company; and it is further

RESOLVED, that, upon preparation, such Authorized Officers are hereby authorized, on behalf of and in the name of the Company, to execute the petitions in such form as such Authorized Officers, deem appropriate and that, upon such execution, each Authorized Officer is hereby authorized to cause the Company to file the petition with the United States Bankruptcy Court for the Middle District of Florida to commence a case under Chapter 11 of the Bankruptcy Code (a "**Bankruptcy Case**") on or as soon as practicable after November 16, 2011; and it is further

RESOLVED, that the Authorized Officers, on terms consistent with those presented to the Board, are hereby authorized and instructed to make such arrangements as they deem necessary or proper for the Company to use existing cash collateral or to borrow additional funds, either as a debtor in possession under Chapter 11 of the Bankruptcy Code or otherwise, and that each Authorized Officer is hereby authorized and instructed, on behalf of and in the name of the Company, to negotiate and agree with potential lenders as to the terms and amounts of any such cash collateral use or further borrowings and to grant such security interests in, or liens on the assets of the Company, and to execute and deliver appropriate agreements for such use of postpetition financing in connection with the Bankruptcy Case, including the granting of liens to any such lender(s) to such agreement(s), and to take such additional action and execute and deliver such other agreements, instruments, or documents proposed to be executed and delivered by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any such officer, in his sole discretion, may deem necessary or proper in connection with such further borrowings; and it is further

RESOLVED, that the Authorized Officers, on terms consistent with those presented to the Board, are authorized to execute and file (or direct others to do so on behalf of the Company as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings, and other papers, and in connection therewith, to employ and retain all assistance by legal counsel, accountants, or other professionals and to take any and all action which either deems necessary and proper in connection with the Bankruptcy Case; and it is further

RESOLVED, that the law firm of DLA Piper LLP (US) shall be retained as bankruptcy counsel under section 327(a) of the Bankruptcy Code for the Company in the Bankruptcy Case in accordance with terms of the engagement letter, dated July 7, 2011 and the Authorized Officers of the Company are hereby authorized and directed, to execute retention agreements, pay retainers prior to and immediately upon the filing of the Bankruptcy Case and cause to be filed an application for authority to retain the services of DLA Piper LLP (US) during the Bankruptcy Case; and it is further

RESOLVED, that the law firm of Foley & Lardner LLP shall be retained as co-bankruptcy counsel under section 327(a) of the Bankruptcy Code for the Company in the bankruptcy Case, and the Authorized Officers of the Company are hereby authorized and directed, to execute retention agreements, pay retainers prior to and immediately upon the filing of the Bankruptcy Case, and cause to be filed an application for authority to retain the services of Foley & Lardner LLP during the Bankruptcy Case; and it is further

RESOLVED, that Global Hunter Securities LLC shall be retained to serve as the investment banker to the Company in accordance with terms of the engagement letter, dated

November 6, 2011 and the Authorized Officers of the Company are hereby authorized and directed, to execute retention agreements, pay retainers prior to and immediately upon the filing of the Bankruptcy Case and cause to be filed an application for authority to retain the services of Global Hunter Securities LLC during the Bankruptcy Case; and it is further

RESOLVED, that RAS Management Advisors LLC shall be retained to serve as the financial advisor to the Company in accordance with terms of the engagement letter, dated November 9, 2011 and the Authorized Officers of the Company are hereby authorized and directed, to execute retention agreements, pay retainers prior to and immediately upon the filing of the Bankruptcy Case and cause to be filed an application for authority to retain the services of RAS Management Advisors LLC during the Bankruptcy Case; and it is further

RESOLVED, that the Authorized Officers of the Company are authorized and directed to employ any other firm as professionals or consultants to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code and, in connection therewith, the Authorized Officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case and cause to be filed an appropriate application for authority to retain the services of such firm; and it is further

DIP Financing Resolutions

RESOLVED, that, in the judgment of the Board, it is desirable for the Company and its creditors, stockholders and other interested parties to approve the DIP Loan Documents and authorize the Company to enter into the DIP Loan Documents, the primary purpose of which is to fund the Company's working capital needs and provide financing throughout Bankruptcy Case; and it is further

RESOLVED, that the Authorized Officers are fully authorized and directed to execute and deliver all DIP Loan Documents, including any extensions, modifications, renewals or replacements thereof, necessary to effect the financing transaction described herein and to execute any and all documents in the name of, and on behalf of, the Company deemed necessary or appropriate by one or more Authorized Officers to consummate the financing transaction; and it is further

RESOLVED, that the Company be, and hereby is, authorized to create any lien or mortgage or grant any security interests in any and all assets of the Company, either tangible or intangible, real or personal, to secure the payment and performance of the Company's obligations in connection with the DIP Loan Documents, and to enter into any security agreements, pledge agreements, mortgages, deeds of trust and assignments in connection with the foregoing and to make any filings in connection therewith; and it is further

Omnibus Resolutions

RESOLVED, that the Authorized Officers are authorized and directed, in the name of and on behalf of the Company, under the Company's corporate seal or otherwise, to make, enter into, execute, deliver and file any and all other or further agreements, documents, certificates, materials and instruments, to disburse funds of the Company, to take or cause to be taken any

and all other actions, and to incur all such fees and expenses as any such officer deems to be necessary, appropriate or advisable to carry out the purposes of the foregoing resolutions and the transactions contemplated thereunder and/or to successfully complete a Bankruptcy Case, the taking of any such action or execution of any such documents and/or agreements to constitute conclusive evidence and the exercise of such discretionary authority; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Officer to seek relief under Chapter 11 of the Bankruptcy Code or in connection with the Bankruptcy Case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the undersigned has affixed his signature this 15th day of November 15, 2011.

By: _____

William G. Gotimer, Jr., Secretary

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | x | |
| | : | Case No. 3:11-bk-_____-[  ] |
| Trailer Bridge, Inc.,[1] | : | |
| | : | Chapter 11 |
| Debtor. | : | |
| | : | |
| _____ / | x | |

## LIST OF CREDITORS HOLDING LARGEST UNSECURED CLAIMS

Set forth below is a list of creditors holding the 20 largest unsecured claims against Trailer Bridge, Inc. (the "Debtor"), as of November 9, 2011. This list has been prepared from the books and records of the Debtor. The information presented in the list below shall not constitute an admission by, nor is it binding on, the Debtor.[2]

---

[1]    The Debtor's taxpayer identification number is 13-3617986. The mailing address for the Debtor, solely for purposes of notices and communications is 10405 New Berlin Road East, Jacksonville, Florida 32226.

[2]    The Debtor will file its schedules of assets and liabilities (the "Schedules") in accordance with 11 U.S.C. §521 and Fed. R. Bankr. P. 1007. The information in the Schedules may differ from that set forth in this list of creditors. Furthermore, the Debtor has not yet identified which of their largest unsecured claims, if any, are contingent, unliquidated, disputed, and/or subject to setoff. The Debtor reserves the right to identify any of its claims listed in the Schedules as contingent, unliquidated, disputed, and/or subject to setoff, as appropriate. Inclusion of a claim on this consolidated list is neither an admission that the amounts are or are not contingent, unliquidated, disputed, and/or subject to setoff nor an admission that the amounts listed are owed by the Debtor.

| (1)<br>NAME OF CREDITOR | (2)<br>NAME, TELEPHONE & COMPLETE MAILING ADDRESS, INCLUDING EMPLOYEE, AGENT OR DEPARTMENT FAMILIAR WITH CLAIM | (3)<br>NATURE OF CLAIM<br>(trade debt, bank loan, government contract, etc.) | (4)<br>Contingent, unliquidated or disputed | (5)<br>AMOUNT OF CLAIM[3]<br>(if secured also state value of security) |
|---|---|---|---|---|
| Deutsche Bank Trust Company Americas | 5022 Gate Parkway, Ste 200 MS JCK01-0218 Jacksonville, FL 32256 Attn: DB Services America, Inc. | Unsecured deficiency claim on 9.25% Senior Secured Notes | | Undetermined (includes unsecured claim on behalf of all noteholders) |
| Seacor Holdings, Inc. | 2200 Eller Drive Ft. Lauderdale, FL 33316 Contact: Charles Fabrikant (954) 523-2200 | Unsecured deficiency claim on 9.25% Senior Secured Notes | | Undetermined |
| Edge Asset Management, Inc. | 601 Union Strett, #2200 Seattle, WA 98101 Contact: Jill Cuniff (206) 913-5800 | Unsecured deficiency claim on 9.25% Senior Secured Notes | | Undetermined |
| Whipporwill Associates, Inc. | 11 Martine Avenue, 8th Fl. White Plains, N 10606 Contact: Mike Lee (914) 683-1002 | Unsecured deficiency claim on 9.25% Senior Secured Notes | | Undetermined |
| Credit Suisse Asset Management, Inc. | 11 Madison Avenue New York, NY 10010 Contact: Wing Chan (212) 325-2000 | Unsecured deficiency claim on 9.25% Senior Secured Notes | | Undetermined |
| Wells Capital Management, Inc. | 525 Market Street, 10th Fl. San Francisco, CA 94105 Contact: Steven Pfeiffer (415) 396-8000 | Unsecured deficiency claim on 9.25% Senior Secured Notes | | Undetermined |
| Ivy Suter | 11706 Hamrick Place Jacksonville, FL 32223 Email: ivysuter@bellsouth.net | Contract claim | | Undetermined |
| Aladdin Capital Management, LLC | Six Landmark Square Stamford, CT 06901 Contact: Aminkhan Adadin (203) 487-6700 | Unsecured deficiency claim on 9.25% Senior Secured | | Undetermined |

---

[3] All amounts listed are estimated based on the Debtor's books and records.

| | | Notes | | |
|---|---|---|---|---|
| Earl W. Colvard, Inc. | 816 S. Woodland Blvd<br>Deland, FL 32720<br>(904) 786-1112 | Trade | | $189,741.40 |
| McAllister Towing | 4258 Apollo Avenue<br>Jacksonville, FL 32226<br>(904) 633-3468 | Trade | | $160,554.94 |
| CSXI N/A 125957 | 6737 Southpoint Drive S<br>CSXT 1 Bldg, 2nd floor<br>(904) 633-3468 | Trade | | $156,153.00 |
| Railport Services, Inc. | 900 Canal Street<br>Jacksonville, FL 32209<br>(904) 549-2378 | Trade | | $127,939.88 |
| Neuberger Berman Management, LLC | 605 Third Avenue, 2nd Fl.<br>New York, NY 10158<br>Contact: Joseph Stein<br>(212) 476-9000 | Unsecured deficiency claim on 9.25% Senior Secured Notes | | $118,182 |
| First Coast Express | 5724 St. Augustine Road<br>Jacksonville, FL 32207<br>(904) 379-9745 | Trade | | $108,705.98 |
| Jacksonville Port Authority | 2831 Tallyrand Avenue<br>Jacksonville, FL<br>(904) 357-3000 | Trade | | $101,111.45 |
| Sea Port Security Inc. | 1629 Aze Jesus T. Pinero S,<br>Suite 202<br>San Juan, Puerto Rico<br>00920<br>(787) 783-5501 | Trade | | $93,033.23 |
| Eleets Logistics, Inc. | 3131 St. Johns Bluff Road<br>Jacksonville, FL 32246<br>(904) 997-1616 | Trade | | $89,429.92 |
| Donnelly Transport | 7545 South Madison Street<br>Hinsdale, IL 60521<br>(605) 789-9180 | Trade | | $77,300.02 |
| Trac Lease, Inc. | 211 College Road East<br>Princeton, NJ 08540<br>(609) 452-8900 | Trade | | $76,923.95 |
| Armada Advisors Inc. | 610 N. Spring Street<br>Pensacola, FL 32501<br>Contact: Christopher Schultz<br>(850) 497-6167 | Unsecured deficiency claim on 9.25% Senior Secured Notes | | $74,848 |

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | x | |
| | : | Case No. 3:11-bk-_____-[  ] |
| Trailer Bridge, Inc.,[1] | : | |
| | : | Chapter 11 |
| Debtor. | : | |
| | : | |
| _____ / | x | |

## DECLARATION REGARDING THE LIST OF CREDITORS HOLDING THE TWENTY (20) LARGEST UNSECURED CLAIMS AGAINST THE DEBTOR

I, Mark A. Tanner, Co-Chief Executive Officer and Chief Financial Officer of Trailer Bridge, Inc., the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my knowledge, information and belief.

Date: November 16, 2011

By: _____
Mark A. Tanner
Co-Chief Executive Office and
Chief Financial Officer

---

[1]     The Debtor's taxpayer identification number is 13-3617986. The mailing address for the Debtor, solely for purposes of notices and communications is 10405 New Berlin Road East, Jacksonville, Florida 32226.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | x : | |
| Trailer Bridge, Inc.,[1] | : : | Case No. 3:11-bk-_____-[  ] |
| Debtor. | : : | Chapter 11 |
| _____ / | : x | |

## CORPORATE OWNERSHIP STATEMENT OF TRAILER BRIDGE, INC.

In accordance with Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-mentioned Debtor submits that there are only individuals that own 10% or more of the Debtor's equity interests and therefore, there are no corporations to report under these Rules.

---

[1] The Debtor's taxpayer identification number is 13-3617986. The mailing address for the Debtor, solely for purposes of notices and communications is 10405 New Berlin Road East, Jacksonville, Florida 32226.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

|                              |     |                              |
|------------------------------|-----|------------------------------|
| In re:                       | x   |                              |
|                              | :   | Case No. 3:11-bk-_____-[  ] |
| Trailer Bridge, Inc.,[1]     | :   |                              |
|                              | :   | Chapter 11                   |
|            Debtor.           | :   |                              |
|                              | :   |                              |
| _____ /    | x   |                              |

## DECLARATION REGARDING CORPORATE OWNERSHIP STATEMENT

I, Mark A. Tanner, Co-Chief Executive Officer and Chief Financial Officer of Trailer Bridge, Inc., debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my knowledge, information, and belief.

Date:  November 16, 2011
       Jacksonville, Florida

By: _____
    Mark A. Tanner
    Co-Chief Executive Officer and
    Chief Financial Officer

---

[1] The Debtor's taxpayer identification number is 13-3617986.  The mailing address for the Debtor, solely for purposes of notices and communications is 10405 New Berlin Road East, Jacksonville, Florida 32226.